Shijie Lin v. Sessions
BIA
Poczter, IJ
A208 154 298

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of June, two thousand eighteen.

PRESENT:
        JOHN M. WALKER, JR.,
        GUIDO CALABRESI,
        JOSÉ A. CABRANES,
          *Circuit Judges.*

_____

SHIJIE LIN,
        *Petitioner,*

    v.                        17-842
                                  NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Norman Kwai Wing Wong, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant Attorney General; Jonathan A. Robbins, Senior Litigation Counsel; Tracey N. McDonald, Trial

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shijie Lin, a native and citizen of the People's Republic of China, seeks review of a March 8, 2017, decision of the BIA affirming a July 5, 2016, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lin Shijie,* No. A 208 154 298 (B.I.A. Mar. 8, 2017), *aff'g* No. A 208 154 298 (Immig. Ct. N.Y. City July 5, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's decision and the BIA's decision "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The standards of review are

well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165-66 (2d Cir. 2008).

The agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility determination on inconsistencies or omissions in an applicant's oral and written statements and other record evidence, regardless of whether any such discrepancies "go[] to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin,* 534 F.3d at 163-64, 166-67.  "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.  The adverse credibility determination is supported by substantial evidence.

The agency reasonably relied on a series of inconsistencies and omissions relating to Shijie Lin's allegations of past harm.  First, as the IJ found, Shijie Lin testified to receiving medical treatment following his detention, but his application and his father's letter omitted that information.  *See id.* (upholding agency's reliance on omissions from supporting letters).

3

Although "asylum applicants are not required to list every incident of persecution" in their applications, *Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir. 2006), where, as here, an asylum application otherwise contained detailed information about events, the IJ's reliance on the omission was reasonable, *see Lianping Li v. Lynch*, 839 F.3d 144, 150 (2d Cir. 2016) (affirming adverse credibility determination when petitioner's "asylum application did not simply omit incidents of persecution . . . [but rather] described the same incidents of persecution differently").  The agency was not required to credit Shijie Lin's explanation that both he and his father omitted the treatment because it was brief and at a private clinic.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Second, the agency also reasonably relied on Shijie Lin's inconsistent descriptions of his beating.  *See Lianping Li*, 839 F.3d at 150.  Shijie Lin testified that he was struck

three or four times with a wooden rod on the day of his arrest. But in response to the credible fear interviewer asking "[h]ow many times did they hit you with the wooden rod the day you were arrested," Shijie Lin stated that he was only struck once. Given the precise question at the interview, the IJ reasonably relied on this inconsistency. *See Ming Zhang v. Holder*, 585 F.3d 715, 724-25 (2d Cir. 2009) (explaining that one sign of reliability of an interview is whether the interviewer asked questions designed to elicit a possible asylum claim). Although Shijie Lin's interpretation that he meant one beating, not one strike, is plausible, the IJ's alternate interpretation is also supported by the record. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. . . . Rather, a reviewing court must defer to that choice so long as the deductions are not illogical or implausible." (internal citations and quotation marks omitted)).

Third and finally, the agency reasonably relied on inconsistent statements about whether Shijie Lin's aunt

called to warn him that the police were looking for him. *See Xiu Xia Lin*, 534 F.3d at 167. Shijie Lin testified that his aunt called, but her letter omitted that fact and mentions only that Shijie Lin's mother *called her* to say Shijie Lin would be arriving at her home. Shijie Lin did not have a compelling explanation for the omission. *See Majidi*, 430 F.3d at 80.

Taken as a whole, these inconsistencies and omissions provide substantial evidence for the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. Because Shijie Lin's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court